---

## Ex Parte de la Rosa.

### Application for a Writ of Habeas Corpus.

No. 36.—Decided September 3, 1904.

Appeal—Dismissal of Appeal.—An order of the trial court refusing to dismiss the prosecution in the cases specified in section 448 of the Code of Criminal Procedure may be considered and reviewed on appeal.

Id.—Habeas Corpus.—Errors committed by a court in overruling a motion of the defendant for the dismissal of the prosecution, in the cases specified in section 448 of the Code of Criminal Procedure, cannot be corrected on *habeas corpus* proceedings.

Id.—Void Judgment.—Only in cases in which the judgment is entirely void would it be proper to consider it on *habeas corpus* proceedings.

The facts are stated in the opinion.

The application was presented to Mr. Justice MacLeary at chambers.

*Mr. Franco Soto,* for petitioner.

*Mr. Rossy, Fiscal,* for the People.

MR. JUSTICE MACLEARY delivered the following opinion:

In this cause an information was filed against the prisoner on the 5th of March, 1904, but the trial was not had until the 24th of August. Certainly the accused should have been tried within the four months following if it had been possible. He filed a petition in the municipal court requestng that his case be dismissed for the reasons aforesaid. The court denied this motion. He could have complained of this ruling of the court and appealed to the district court had he desired so to do. But he did not adopt such a measure, and after having been condemned to one month of imprisonment he filed a petition wherein he requested to be released on *habeas corpus*.

It may be that he has suffered an injustice, but he has not taken the proper steps to assert his rights. The order denying his petition for the dismissal of his case may have been an erroneous one, but it cannot be corrected in this proceeding. Unless the judgment be entirely null, it cannot be set aside in the present proceeding.

The object of the writ of *habeas corpus* has been explained so frequently by the Supreme Court that it is superfluous to explain it anew.

The prisoner must remain in the custody of the warden of the jail of Aguadilla, and pay the costs of this proceeding. And it is so ordered.